**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DEVON ENERGY CORPORATION,** | : |
| **Plaintiff,** | : |
| v. | : Civil Action No. 04-821 (GK) |
| **GALE A. NORTON,** | : |
| **Defendant.** | : |

**MEMORANDUM OPINION**

Plaintiff, Devon Energy Corporation, has filed a Motion to Require Defendant to File the Complete Administrative Record. Upon consideration of the Motion, the Opposition, the Reply, and the applicable case law, it is hereby ordered that the Motion is **granted in part and denied in part**.

Devon is seeking judicial review of a final decision by the Department of the Interior ("the Department") barring it from deducting certain transportation costs when calculating the royalties due on coalbed methane gas produced from Devon's federal leases in Wyoming. Devon, in this Motion, seeks to add documents to the certified Administrative Record filed on March 7, 2005 and supplemented on March 28, 2005.

Judicial review of agency action under the Administrative Procedures Act ("APA"), 5 U.S.C. § 704, is confined to a review of that record which was before the agency at the time of its decision making. Environmental Defense Fund v. Costle, 657 F.2d 275, 284 (D.C. Cir. 1981). As the court stated in Serono Lab. v. Shalala, 35 F. Supp.2d 1, 2 (D.D.C. 1999), "a complete agency record is sine qua non; without it the party seeking review can claim that its right to attack the agency's action is compromised." Most recently, in Novartis Pharmaceuticals Corp. v. Shalala, 2000 U.S. Dist. LEXIS 17491, at 6 (D.D.C. November 27, 2000), the court noted that "[t]he complete record

includes 'all documents and materials directly or indirectly considered by the agency and includes evidence contrary to the agency's position.' Thompson v. DOL, 885 F.2d 551, 555 (9th Cir. 1989)." Applying these fundamental principles of administrative law, the Court will now consider each of Plaintiff's requests.

1. **The Royalty Policy Board's November 2, 1995 Minutes and Related Documents**

Plaintiff is correct that these documents must be added to the Administrative Record. They reflect a directly contrary decision on November 2, 1995 by the agency on the central issue in this case, namely, that the costs in issue should be deemed deductible transportation costs. The Minutes, with their discussion of administrative and judicial precedents, are clearly relevant. It is extremely hard to believe that they would not have been considered by the Department – indirectly, if not directly – in taking a totally contradictory position in this case.

2. **Documents Concerning the Agency Application of 1995 Memoranda**

The Government is correct that such documents do not belong in the Administrative Record. If they exist at all, and there seems to be some question about that, they were created in the context of federal or company-specific requests for administrative determinations. Since neither the Assistant Secretary nor any subordinate official considered these documents, which related only to other companies or other factual scenarios, in reaching the decision challenged in this case, they are not properly part of the Administrative Record.

3. **Documents Identified in Response to FOIA Requests**

Devon filed a Freedom of Information Act request in connection with the agency decision. Of the documents that were identified in response to that request, ten were not included in the Administrative Record. The Government argues that these documents were not part of the record

before the actual decision maker in this case, Acting Assistant Secretary Patricia Morrison. While that statement may well be true as to the Assistant Secretary personally, it is clear from the facts that the Government identified these documents as responsive to Plaintiff's FOIA request and that they were considered by some policy maker with regard to the challenged case. Consequently, they are properly a part of the official Administrative Record.

4. **Inadvertent Omission**

The Government has not responded to Plaintiff's argument that a portion of one document included in the Administrative Record may have been inadvertently omitted. Therefore, the Court will infer that it has no opposition to the Plaintiff's position that the entire October 8, 1992 memorandum with attachments should be included in the record.

5. **Documents Withheld as Privileged**

The Government redacted one document and withheld two others on the basis of attorney-client privilege or the deliberative process doctrine. In its response, the Government addresses only the deliberative process doctrine. Upon considering the declaration of R.M. "Johnnie" Burton, Director, MMS, Ex. 4 to the Government's response to Devon's Motion, the Court concludes that the three documents in question are deliberative and pre-decisional. Consequently, they should not be included in the Administrative Record.

**WHEREFORE**, it is this 26th day of August, 2004, hereby

**ORDERED**, that the Motion to Require Defendant to File the Complete Administrative Record is **granted in part and denied in part**.

/s/
Gladys Kessler
United States District Judge